IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| THOMAS D. REGEN, | ) |
| Plaintiff, | ) No. |
| VS. | ) Judge<br>) Magistrate Judge |
| GILES COUNTY, TENNESSEE BOARD OF EDUCATION | ) JURY DEMAND |
| Defendant. | ) |

## COMPLAINT

Plaintiff brings this action for disability discrimination in employment against defendant Giles County Board of Education. Plaintiff asserts a claim arising under the Americans with Disabilities Act, 42 U.S.C. ¶ 12101, *et seq.* ("ADA") and states:

## IDENTIFICATION OF THE PARTIES

1. Plaintiff is a resident of Pulaski, Giles County, Tennessee unsuccessfully sought employment as a school bus driver with defendant.

2. Defendant is a governmental entity organized under the laws of the State of Tennessee and operating throughout Giles County, Tennessee. Defendant may be served with process through its Interim Director of Schools, J.B. Smith, III, 270 Richland Drive, Pulaski, Tennessee 38478-2798. At all times material hereto, defendant employed more than 15 employees.

## JURISDICTION AND VENUE

3. This is an action for damages and equitable relief for unlawful employment practices brought under the ADA. The Court has jurisdiction under 28 U.S.C. § 1331.

4. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue ("Notice") dated August 14, 2014. A copy of the Notice is attached to this Complaint.

5. Venue is proper in this Court under 28 U.S.C. § 1391 because the acts giving rise to this Complaint occurred in an area embraced within the Columbia Division of the Middle District of Tennessee.

## FACTUAL AVERMENTS

6. On or about March 13, 2013, plaintiff applied for employment with defendant as a substitute school bus driver.

7. Plaintiff suffers from a disability of Charcot foot resulting from diabetes and related nerve damage. As a result, plaintiff was required to undergo a partial amputation of approximately one-third of his right foot in 2009.

8. Plaintiff's disability significantly affects his major life activities of walking and standing.

9. Plaintiff disclosed his disability to defendant at time he applied for employment with it, and defendant admitted plaintiff into its training program that is a prerequisite for employment with defendant as a substitute school bus driver.

10. Plaintiff successfully completed a Commercial Driver Fitness Determination required to obtain a commercial driver's license, and he qualified for and obtained a "Class B" learner's permit.

11. On or about April 11, 2013, defendant's then-Supervisor of Transportation Danny Hickman, asked plaintiff if his disability would prevent him from evacuating school children from the bus, and plaintiff informed him that it would not.

12. Nevertheless, defendant required plaintiff to train on evacuation procedures, even though such procedures were not part of defendant's usual training protocol.

13. On or about April 15, 2013, Mr. Hickman informed plaintiff that defendant had determined that it wasn't "worth the risk" to have plaintiff as a substitute bus driver, and defendant removed plaintiff from the substitute bus driver training program and denied his application for employment.

14. Defendant refused to hire plaintiff because of his disability and/or perceived disability in violation of the ADA.

15. Plaintiff was able at all times to perform the essential functions of the substitute bus driver job with defendant without any accommodation from defendant.

16. At the time defendant removed plaintiff from the substitute bus driver training program and denied his application for employment, plaintiff was able to perform the essential functions of defendant's substitute bus driver job position without any accommodation from defendant.

17. As a direct result of defendant's actions, plaintiff has suffered damages.

18. As a result of its actions, defendant is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred as well as for punitive damages.

19. As a result of its actions, defendant is liable for plaintiff's attorney's fees.

20. As a result of its actions, defendant is obligated to instate plaintiff to employment as a substitute bus driver and to make plaintiff whole for all lost earnings and benefits.

### Claim for Violation of the Americans With Disabilities Act ("ADA")

21. Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 20 herein.

22. Plaintiff suffers from a physical or mental impairment that substantially limits one or more of his major life activities.

23. Defendant also perceives and regards, and at all times material to this Complaint perceived and regarded, plaintiff as having a physical or mental impairment that substantially limits one or more of his major life activities.

24. Notwithstanding his disability and defendant's perception of his disability, plaintiff was and is able to perform the essential functions of the job for which he applied and was undergoing training with defendant without any accommodation.

25. Defendant refused to allow plaintiff to complete the training program for its open substitute bus driver job position and refused to consider or hire plaintiff for employment because of his disability and/or because of its perceptions about his disability.

26. Defendant failed and refused to engage in the interactive process required by the ADA and terminated plaintiff's employment because of his disability and/or perceived disability in violation of the ADA.

27. Defendant's actions were in reckless indifference to plaintiff's rights.

28. As a result of its actions, defendant is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred as well as for punitive damages.

29. As a result of its actions, defendant is liable for plaintiff's attorney's fees.

30. As a result of its actions, defendant is obligated to instate plaintiff to employment and to make plaintiff whole for all lost earnings and benefits.

**WHEREFORE,** premises considered, plaintiff demands the following relief:

1. An award of compensatory and punitive damages against defendant in an amount to be determined by the jury;

2. An award of attorneys' fees;

3. An order of instatement;

4. Prejudgment interest and, if applicable, post judgment interest;

5. A jury for the trial of this action; and

6. Such other, further and general relief to which he may be entitled.

*signature*

Delain L. Deatherage, TN No. 22473
1812 Broadway
Nashville, Tennessee 37203
(615) 255-3529

*signature*

Stephen W. Grace, TN No. 14867
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225
Attorneys for Plaintiff