```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
        COLUMBIA DIVISION
```

THOMAS D. REGEN,              )
                              )
        Plaintiff             )
                              )        No. 1:14-0143
v.                            )        Magistrate Judge Brown
                              )        **Jury Demand**
GILES COUNTY, TENNESSEE       )
BOARD OF EDUCATION,           )
                              )
        Defendant             )

## <u>O R D E R</u>

Presently pending is the Plaintiff's motion for an award of attorneys' fees and costs (Docket Entry 86). This motion is supported by a memorandum of law (Docket Entry 87) and various supporting documents (Docket Entries 88 through 95). The Defendant filed an objection to the amount of the fees sought (Docket Entry 100) supported by various declarations and other documents (Docket Entries 101 and 102). The Plaintiff was allowed to file a reply (Docket Entry 106). The matter is now ready for resolution.

**BACKGROUND**

The complaint in this matter was filed on November 7, 2014 (Docket Entry 1) and the parties subsequently consented for the undersigned to hear the case and the matter was referred to me for final disposition (Docket Entry 11). The case proceeded normally with an initial case management order (Docket Entry 12) setting various deadlines and a jury trial set for April 26, 2016. A brief extension of deadlines was allowed in July 2015 (Docket Entry 14) at the request of the parties.

On September 16, 2015, the parties reported that mediation was not considered possible until completion of additional discovery

(Docket Entry 15). In November 2015 there was a dispute over the Defendant's motion for an extension of time to complete depositions and to reset the trial date (Docket Entry 16). This motion was opposed and a telephone conference was held about the matter. In that lengthy conference the deadlines for discovery were extended but the trial date remained set for April 26, 2016 (Docket Entry 20).

In January the Defendant filed a motion for summary judgment with the usual supporting memorandum, statements and affidavits (Docket Entries 21 through 27).

At the same time, the Plaintiff filed a motion for summary judgment also supported by similar documents (Docket Entries 30 through 35). Each side filed responses to the opposing party's motion for summary judgment with related documents (Docket Entries 38 through 43). Following the responses both sides filed replies (Docket Entries 44 and 45). Briefing on the motions for summary judgment was completed on February 9, 2016, and the Court issued a ruling on March 3, 2016, denying both parties' motions for summary judgment (Docket Entries 47 and 48).

As the trial date approached, multiple motions *in limine* were filed by both sides on April 6, 2016 (Docket Entries 49 through 60). On April 14 and 15, the parties filed proposed jury verdict forms, a joint proposed pretrial order, proposed jury instructions, and various responses to the motions *in limine* (Docket Entries 66 through 79). On April 18, the parties filed a notice of acceptance of an offer of judgment (Docket Entry 80), and the Court entered judgment in accordance with the notice of acceptance (Docket Entry

83). The offer of judgment was served on the Plaintiff on April 6, 2016 (Docket Entry 80-1).

Following the entry of judgment the Plaintiff filed a motion for attorney fees (Docket Entry 86) supported by a memorandum, various affidavits in support of the reasonableness of the time spent on the case and the hourly rate requested, as well as time records and other receipts (Docket Entries 87 through 95). The Defendant filed a response in opposition to the request (Docket Entry 100) supported by declarations and various transcripts and other documents (Docket Entries 101 and 102).

This prompted the Plaintiff to request leave to and subsequently file a reply (Docket Entry 106). The matter is now ready for a decision.

**ANALYSIS**

There is no dispute over the fact that the Plaintiff is the prevailing party in this matter having accepted a valid offer of judgment and judgment having been entered on behalf of the Plaintiff. The law is well settled that in cases of this nature the Plaintiff is entitled to an award of reasonable attorneys' fees and costs as provided in the accepted offer of judgment. Case law is also well settled that a reasonable attorneys' fee figure can be found by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This test is generally referred to as the "lodestar" test. The lodestar method is subject to adjustment up or down under a nonexclusive 12-factor analysis. The factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to

> perform the legal service properly; (4) the preclusion of
> other employment by the attorney due to acceptance of the
> case; (5) the customary fee; (6) whether the fee is fixed
> or contingent; (7) time limitations imposed by the client
> or the circumstances; (8) the amount involved and the
> results obtained; (9) the experience, reputation, and
> ability of the attorneys; (10) the "undesirability" of
> the case; (11) the nature and length of the professional
> relationship with the client; and (12) awards in similar
> cases.

*Id.* at 430 n.3; *see also Reed v. Rhodes*, 179 F.3d 453, 471-72 (6th Cir. 1999).

The Sixth Circuit in *Reed* specifically noted that courts must remember that they do not have a mandate to make the prevailing counsel rich. (179 F.3d at 472 (quoting *Johnson v. Georgia Highway Express*, 488 F.2d 714, 719 (5th Cir. 1974)). The court went on to hold that the parties seeking attorneys' fees bear the burden of documenting their entitlement to the award. *Id.* A reasonable fee is one that compensates counsel, but which avoids producing a windfall for the lawyer. *Dowling v. Litton Loan Servicing, LP*, 320 F. App'x 442, 446 (6th Cir. 2009) (citation omitted).

Although the law may be well settled in this matter, the determination of what is a reasonable rate and what is a reasonable amount of time and whether there should be adjustments up or down is left to the sound discretion of this Court.

The Court will first turn to a reasonable rate. Plaintiff's lead counsel, Mr. Grace, has requested a rate of $450 per hour for 272.2 hours, and a rate of $375 per hour for 32.4 hours for the time spent by co-counsel, Mr. Deatherage, for total attorneys' fees in the amount of $134,640 (Docket Entry 86). In support of the hourly rate counsel has provided the affidavits of

other attorneys in the area attesting to the fact that the hourly rate and time spent appears reasonable.

The Court would note that in reviewing the cases cited in support of the fees there seems to be a bit of a mutual admiration society where all counsel involved have attested that the rate and time spent by the other is reasonable.

The Court does not view this case as one that is unattractive for Plaintiff's counsel. The fact that Plaintiff's counsel are entitled to reasonable attorneys' fees, if they recover, is not a deterrent to taking a case that has a relatively small value. In this case, the requested attorneys' fees and costs are roughly seven times the actual amount recovered for the Plaintiff. The possible awarding of such a substantial fee would not appear to be a deterrent to taking cases of this nature.

Considering the lodestar factor, the Court does not believe that a significant adjustment up or down from the lodestar fee is necessary. The Plaintiff's counsel did make an excellent recovery for the Plaintiff given the small amount of back and future pay involved. This case did not appear to have any unique difficulties. It is a rather straightforward Americans With Disability Act case and there is no showing that this case precluded the attorneys from accepting other cases.

The Defendant's counsel provided their own fee rates and hours spent on the case which were much lower. (Docket Entry 100, p.9) However, as the Plaintiff's counsel noted, while the Defendant's counsel provided their time and rate billing, they are

in all likelihood based on a negotiated fee rate with the client and they are not operating on a contingent basis. The fact that defense counsel charges less is not determinative since the Plaintiff's attorneys are working on a contingent fee where payment is certainly not assured. While this case was hard fought there was nothing unique about it.

Based on the Court's experience and review, the Court believes that a reasonable fee in this case, considering all the factors, is $400 per hour for Mr. Grace and $325 per hour for Mr. Deatherage.

Relying on the case of *Fulps v. City of Springfield*, 715 F.2d 1088 (6th Cir. 1983), the Court will allow the claim for mediation costs to be included.

The Plaintiff did present his motion for attorneys' fees and other costs not presented to the Clerk within 30 days of the entry of the judgment and the Court can see no prejudice to the Defendant even if they could have been presented to the Clerk. The Defendant has had an opportunity to object to the inclusion of those costs.

In reviewing the reasonableness of the time, the parties sharply disagree over when attorneys' fees are cut off. The Defendant served a Rule 68 offer of judgment on the Plaintiff on April 6, 2016 (Docket Entry 80-1). In pertinent part, the offer of judgment reads:

> Pursuant to Rule 68, Defendant allows judgment to be taken against it in the amount of twenty thousand and one dollars (inclusive of prejudgment interest), plus costs

6

and reasonable attorney fees accrued to date. (Docket Entry 80-1).

The Plaintiff noticed his acceptance of this offer on April 18, 2016 (Docket Entry 80). The case was dismissed, and judgment was entered (Docket Entries 81 through 83).

The Defendant contends that April 6, 2016, the date of the offer of judgment, is determinative. The Plaintiff seeks to recover attorneys' fees up until the date that the Plaintiff accepted the offer of judgment, April 18, 2016.

An offer of judgment should contain "an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If the offer of judgment is rejected and the offerree's ultimate result is less favorable than the offer of judgment, "the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

Ample case law discusses the allocation of attorneys' fees when they are not explicitly referenced in the offer of judgment. Those considerations are not relevant to this matter, however, where the offer of judgment offered to pay the Plaintiff's attorneys' fees "accrued to date." *See Steiner v. Lewmar, Inc.*, 816 F.3d 26, 31-32 (2d Cir. 2016) (explaining that "[i]f a Rule 68 offer unambiguously includes attorneys' fees, plaintiffs may not accept the offer and then apply to the court for fees in addition to the accepted settlement" and "[t]he simplest way for parties to avoid ambiguity—and the risk of further litigation—is to refer explicitly to 'attorneys' fees' in the written Rule 68 offer").

7

Rule 68 offers of judgment are subject to contract principles. *Sharpe v. Cureton*, 319 F.3d 259, 275 (6th Cir. 2003) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991)). When presented with clear and unambiguous contract language, the court will enforce the plain meaning. *Withco, LLC v. Republic Servs. of Tennessee, LLC*, 818 F. Supp. 2d 1040, 1048 (M.D. Tenn. 2011) (citing *Maggart v. Almany Realtors, Inc.*, 259 S.W.3d 700, 704 (Tenn. 2008)).

A magistrate judge in the Middle District of Alabama declined to award attorneys' fees incurred in moving for an award of attorneys' fees in a Title VII case where the offer of judgment offered to pay the attorneys' fees and costs "then accrued." *Smith v. Neighborhood Rest. Partners Florida Two, LLC*, No. 1:14-CV-918-WKW, 2016 WL 1544743, at *5 (M.D. Ala. Mar. 28, 2016), *report and recommendation adopted,* No. 1:14-CV-918-WKW, 2016 WL 1465968 (M.D. Ala. Apr. 14, 2016). However, since the defendant had taken an unreasonable and conflicting position on the availability of attorneys' fees, the court awarded the fees incurred in drafting a reply in support of attorneys' fees. *Id.*

Similarly, in the Northern District of Illinois, the court strictly applied an offer of judgment which offered to pay "*reasonable attorneys' fees and costs accrued to the date of th[e] offer*." *Cavada v. City of Chicago*, No. 13 CV 1916, 2014 WL 4124273, at *5 (N.D. Ill. Aug. 18, 2014) (emphasis in original). The court found that by accepting this offer of judgment, the plaintiffs had

waived any claim to attorneys' fees incurred after the offer of judgment was made, including the fees incurred in moving for attorneys' fees. *Id.*

Even more on-point, the Eastern District of Missouri denied a request for post-offer attorneys' fees where the offer of judgment provided for "attorneys' fees and costs accrued to date." *Koenig v. Bourdeau Const. LLC*, No. 4:13CV00477 SNLJ, 2014 WL 6686642, at *4 (E.D. Mo. Nov. 26, 2014) ("This Court agrees that the hours billed after receipt of the Offer of Judgment should be excluded from the attorneys' fee award. The language of the Offer of Judgment provides for attorneys' fees and costs accrued to date.").

Although there is authority to the contrary, *see e.g.*, *Valerio v. Total Taxi Repair & Body Shop, LLC*, 82 F.Supp. 3d 723, 738-39 (N.D. Ill. 2015), the court does not find the term "to date" to be ambiguous and finds that it refers to the date of the offer. Even though the case was under a scheduling order while the offer was being considered, there was nothing to prevent the Plaintiff's counsel from advising the Court that they needed a brief extension of the motion deadline to consider a settlement in the case. Accordingly, the Court will not allow any fees or costs beyond April 6, 2016.

The Court now turns to the most difficult part of any disputed fee application: what constitutes reasonable time. About the only concrete guidelines the Court has to go on involves the

9

time claimed by both sides for two telephone conferences and an initial case management conference in Columbia, Tennessee.

For the initial case management conference the Plaintiff claimed 4.9 hours and the Defendant claimed 0.6 hours. The actual recorded time for the conference by the courtroom deputy was 20 minutes. The Court regularly travels from Nashville to Columbia and generally makes the trip in 50 minutes. Given possible traffic issues, the Court will reduce the Plaintiff's claimed time to 2.3 hours.

A telephone conference was held with the parties on July 14, 2015. The Plaintiff has claimed 0.6 hours for the conference and the Defendant claimed 0.3 hours. The actual time recorded by the Court was 0.2 hours. The Court will reduce the Plaintiff's time in this matter to 0.3 hours.

The time for the telephone conference on November 16, 2015, was listed by the Plaintiff as .6 hours and by the Defendant as 0.4 hours. The actual time recorded by the Court was 14 minutes, or 0.3 hours. The Court will also reduce the Plaintiff's time to 0.4 hours.

Another issue concerns the Plaintiff's 61.2 hours preparing his motion for summary judgment. The Court notes that in the memorandum (Docket Entry 31, pp. 12-17), the Plaintiff briefed the issue of a direct threat defense. This was a total waste of time as that defense was not raised by the Defendant and was not part of the case.

Overall, the Court believes that counsel, as well-qualified as Plaintiff's counsel is, billed a bit on the excessive side. The Court has carefully reviewed each of the items on Docket Entry 88-2 and notes that there are some items billed at $450 an hour, yet are clearly paralegal work or normally included in overhead, such as items in November for researching who to serve process on, preparing summonses, and filing return of summonses. The December time spending 9.9 hours reviewing medical records appears to be well over the amount of the time needed since it does not appear there was anything extraordinary in the records themselves. The 10.5 hours meeting with the client in December again seems excessive. Likewise, for experienced counsel, spending 48 hours preparing their summary judgment motion appears well in excess of what experienced counsel should be able to do, especially as noted above, since they included a direct threat argument that was not in the case. A total of 46 hours again seems excessive for experienced counsel. Thirty hours would have seemed a more reasonable time.

Specifically, the Court will reduce Mr. Grace's claimed hours by 46.4 hours for the time claimed after April 6, 2016. The time spent on telephone conferences and the initial case management conference will be reduced from 6.1 to 3.0, a reduction of 3.1 hours. Additionally, in reviewing the time spent on the summary judgment motions, meeting with the client and other pleadings, the Court reduces the total hours claimed by 19.3 hours, for a total reduction of 68.8 hours. Accordingly, Mr. Grace is awarded attorney fees based on 203.4 hours at $400 per hour, for a total of $81,360.

Mr. Deatherage's time is reduced overall by 8.4 hours for a total allowable time of 24 hours. He is therefore awarded a fee of $7,800 calculated on 24 hours at $325 per hour. This constitutes an award of attorney fees of $89,160. In addition, costs are allowed for the costs of mediators and for parking as claimed, for a total of $907.82.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge